### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) |
| CENTRAL LABORERS' ANNUITY FUND, | ) |
| CENTRAL LABORERS' WELFARE FUND, | ) |
| NORTH CENTRAL ILLINOIS LABORERS' | ) |
| HEALTH AND WELFARE FUND, | ) |
| NORTHERN ILLINOIS & IOWA LABORERS' | ) |
| HEALTH & WELFARE FUND, | ) |
| NORTHERN ILLINOIS LABORERS' ANNUITY FUND, | ) |
| ILLINOIS LABORERS AND CONTRACTORS JOINT | ) |
| APPRENTICESHIP & TRAINING TRUST FUND, | ) |
| NORTH CENTRAL LABORERS-EMPLOYERS | ) |
| COOPERATION AND EDUCATION TRUST, | ) |
| CENTRAL ILLINOIS BUILDERS INDUSTRY | ) |
| ADVANCEMENT FUND | ) |
| GREAT PLAINS LABORERS' VACATION FUND, | ) |
| MIDWEST REGION FOUNDATION FOR FAIR CONTRACING | ) |
| CONSTRUCTION INDUSTRY ADVANCEMENT FUND, | ) |
| MIDWEST REGION ORGANIZATION COMMITTEE, | ) |
| MARKET PROMOTION FUND, and the | ) |
| GREAT PLAINS LABORERS' DISTRICT COUNCIL WORKING | ) |
| DUES CHECK OFF FUND | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | )   **25-Cv-50386** |
| | ) |
| HERBIG BLACKTOP CONSTRUCTION, LLC, | ) |
| an Illinois limited liability company, | ) |
| THOMAS D. MAY, individually, and | ) |
| JESSICA MAY, individually, | ) |
| | ) |
| Defendant(s). | ) |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund, *et al*. (collectively "Plaintiff Funds"), by their attorneys, for their complaint against Defendants HERBIG BLACKTOP CONSTRUCTION, LLC, THOMAS D. MAY, AND JESSICA MAY, state as follows:

### COUNT I
against
HERBIG BLACKTOP CONSTRUCTION, LLC
(*Claim under ERISA for an audit*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4. Plaintiff CENTRAL LABORERS' PENSION FUND is the authorized collection agent for the other Plaintiff Funds with respect to fringe benefit contributions and dues payments.

5. At all relevant times, HERBIG BLACKTOP CONSTRUCTION, LLC is an Illinois limited liability company doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). HERBIG BLACKTOP CONSTRUCTION, LLC is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.      HERBIG BLACKTOP CONSTRUCTION, LLC became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements.  Copies of signature pages of one or more such collective bargaining agreements are attached as *Exhibit A*.  No party has terminated the collective bargaining agreements and they remain in effect.

7.      By virtue of certain provisions contained in the collective bargaining agreement(s), HERBIG BLACKTOP CONSTRUCTION, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

8.      HERBIG BLACKTOP CONSTRUCTION, LLC became a party to and bound by one or more participation agreements with the Plaintiff Funds.  Copies of signature pages of one or more such participation agreements are attached as *Exhibit B*.  None of the parties have terminated the participation agreements and they remain in effect.

9.      By virtue of certain provisions contained in the participation agreement(s), HERBIG BLACKTOP CONSTRUCTION, LLC became a party to and bound by the Plaintiff Funds' trust agreements.

10.     HERBIG BLACKTOP CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11.     HERBIG BLACKTOP CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. HERBIG BLACKTOP CONSTRUCTION, LLC became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, HERBIG BLACKTOP CONSTRUCTION, LLC is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, HERBIG BLACKTOP CONSTRUCTION, LLC is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Pursuant to the collective bargaining agreements, participation agreements, trust agreements, and ERISA, HERBIG BLACKTOP CONSTRUCTION, LLC is required to provide access to such records as are necessary for Plaintiff Funds to determine whether there has been compliance with obligations to contribute to Plaintiff Funds.

15. Upon information and belief, HERBIG BLACKTOP CONSTRUCTION, LLC has failed to make some of the contributions from time to time required to be paid by it to the Plaintiff Funds pursuant to the terms of the collective bargaining agreement, participation agreement and trust agreements to which it is bound, all in violation of its contractual and statutory obligations.

16. HERBIG BLACKTOP CONSTRUCTION, LLC has failed and refused to provide access to such records as are necessary for the Plaintiff Funds to determine whether there has been compliance with obligations to contribute to the Plaintiff Funds.

17. Plaintiffs have been required to employ the undersigned attorneys and auditors to compel the audit of the books and records of HERBIG BLACKTOP CONSTRUCTION, LLC.

18. Plaintiffs have been required to employ auditors and the undersigned attorneys to identify and pursue collection of the amount due from HERBIG BLACKTOP CONSTRUCTION, LLC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against HERBIG BLACKTOP CONSTRUCTION, LLC in favor of Plaintiffs.

B. Order HERBIG BLACKTOP CONSTRUCTION, LLC to provide access to its records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order HERBIG BLACKTOP CONSTRUCTION, LLC to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order HERBIG BLACKTOP CONSTRUCTION, LLC to pay auditors' fees to Plaintiffs.

E. Order HERBIG BLACKTOP CONSTRUCTION, LLC to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order HERBIG BLACKTOP CONSTRUCTION, LLC to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

G. Grant Plaintiffs such other and further relief as may be just.

## COUNT II

*against*

HERBIG BLACKTOP CONSTRUCTION, LLC
and THOMAS D. MAY
(*Claim under ERISA for an audit*)

1. - 18.    Plaintiffs reallege paragraphs 1 - 18 of Count I.

19.    This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

20.    Plaintiffs are advised and believe that at all relevant times THOMAS D. MAY was the Manager, primary executive officer, and primary operating officer of HERBIG BLACKTOP CONSTRUCTION, LLC and was in control of the company.

21.    Pursuant to the collective bargaining agreements to which HERBIG BLACKTOP CONSTRUCTION, LLC agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

22.    Pursuant to the trust agreements establishing the Plaintiff Funds, to which HERBIG BLACKTOP CONSTRUCTION, LLC and THOMAS D. MAY agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

23.    Plaintiffs are informed and believe that THOMAS D. MAY did so supervise the completion of report forms and had personal knowledge of any willful violations of the requirements of the collective bargaining agreements and trust agreements, making THOMAS D. MAY personally liable for any money owed to the Plaintiff Funds by HERBIG BLACKTOP CONSTRUCTION, LLC.

6

24. Additionally, HERBIG BLACKTOP CONSTRUCTION, LLC was dissolved with the Illinois Secretary of State's Office on or about October 11, 2024.

25. Upon the dissolution of HERBIG BLACKTOP CONSTRUCTION, LLC, THOMAS D. MAY became responsible for the books and records of the dissolved company, and, to the extent he conducted business under the name of "HERBIG BLACKTOP CONSTRUCTION, LLC", became personally liable for the debts of the dissolved company and incurring liability for subsequent debts incurred by his business.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against HERBIG BLACKTOP CONSTRUCTION, LLC and THOMAS D. MAY in favor of Plaintiffs.

B. Order HERBIG BLACKTOP CONSTRUCTION, LLC and THOMAS D. MAY to provide access to the company's records so that an audit can be performed to determine whether it has complied with contribution requirements.

C. Order HERBIG BLACKTOP CONSTRUCTION, LLC and THOMAS D. MAY to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D. Order HERBIG BLACKTOP CONSTRUCTION, LLC and THOMAS D. MAY to pay auditors' fees to Plaintiffs.

E. Order HERBIG BLACKTOP CONSTRUCTION, LLC and THOMAS D. MAY to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F. Order HERBIG BLACKTOP CONSTRUCTION, LLC and THOMAS D. MAY to perform and continue to perform all other obligations the company has undertaken with respect to Plaintiffs.

G.      Grant Plaintiffs such other and further relief as may be just.


### COUNT  iii

*against*

HERBIG BLACKTOP CONSTRUCTION, LLC
and JESSICA MAY
(*Claim under ERISA for an audit*)

1. - 18.       Plaintiffs reallege paragraphs 1 - 18 of Count I.

19.     This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

20.     Plaintiffs are advised and believe that at all relevant times JESSICA MAY was the Manager, primary executive officer, and primary operating officer of HERBIG BLACKTOP CONSTRUCTION, LLC and was in control of the company.

21.     Pursuant to the collective bargaining agreements to which HERBIG BLACKTOP CONSTRUCTION, LLC agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

22.     Pursuant to the trust agreements establishing the Plaintiff Funds, to which HERBIG BLACKTOP CONSTRUCTION, LLC and JESSICA MAY agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

23.     Plaintiffs are informed and believe that JESSICA MAY did so supervise the completion of report forms and had personal knowledge of any willful violations of the requirements

8

of the collective bargaining agreements and trust agreements, making JESSICA MAY personally liable for any money owed to the Plaintiff Funds by HERBIG BLACKTOP CONSTRUCTION, LLC.

24.      Additionally, HERBIG BLACKTOP CONSTRUCTION, LLC was dissolved with the Illinois Secretary of State's Office on or about October 11, 2024.

25.      Upon the dissolution of HERBIG BLACKTOP CONSTRUCTION, LLC, JESSICA MAY became responsible for the books and records of the dissolved company, and, to the extent she conducted business under the name of "HERBIG BLACKTOP CONSTRUCTION, LLC", became personally liable for the debts of the dissolved company and incurring liability for subsequent debts incurred by his business.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment against HERBIG BLACKTOP CONSTRUCTION, LLC and JESSICA MAY in favor of Plaintiffs.

B.      Order HERBIG BLACKTOP CONSTRUCTION, LLC and JESSICA MAY to provide access to the company's records so that an audit can be performed to determine whether it has complied with contribution requirements.

C.      Order HERBIG BLACKTOP CONSTRUCTION, LLC and JESSICA MAY to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

D.      Order HERBIG BLACKTOP CONSTRUCTION, LLC and JESSICA MAY to pay auditors' fees to Plaintiffs.

E.      Order HERBIG BLACKTOP CONSTRUCTION, LLC and JESSICA MAY to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

F.      Order HERBIG BLACKTOP CONSTRUCTION, LLC and JESSICA MAY to perform and continue to perform all other obligations the company has undertaken with respect to Plaintiffs.

G.      Grant Plaintiffs such other and further relief as may be just.


Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By:     /s/ *Richard A. Toth*
        One of their attorneys

GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

GREAT PLAINS LABORERS' DISTRICT COUNCIL

AFFILIATED WITH

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

AFL-CIO

4208 W. Partridge Way, Unit #2, Peoria, IL 61615

**MEMORANDUM OF AGREEMENT**

THIS AGREEMENT is entered into by and between the undersigned, herein called the "EMPLOYER" and the GREAT PLAINS LABORERS' DISTRICT COUNCIL, herein called the "UNION", representing and encompassing Local Unions Nos. 32, 43, 165, 177, 231, 309, 353, 362, 393, 538, 620, 727, 751, 996, and 1140 together with any other locals which may come within the jurisdiction of the UNION.

1.      The EMPLOYER hereby recognizes the UNION as the sole and exclusive bargaining representative for all laborers employed by the EMPLOYER in the geographical areas encompassed by the above listed local unions with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment.

2.      The EMPLOYER herein adopts all of those Collective Bargaining Agreements between the UNION and the NORTHERN ILLINOIS BUILDING CONTRACTORS ASSOCIATION, NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, ILLINOIS VALLEY CONTRACTORS ASSOCIATION, WESTERN ILLINOIS CONTRACTORS ASSOCIATION, GREATER PEORIA CONTRACTORS AND SUPPLIERS ASSOCIATION, INC., BUILDERS ASSOCIATION OF TAZEWELL COUNTY, INC., HIGHWAY AND HEAVY CONSTRUCTION CONTRACTORS ASSOCIATION OF TAZEWELL AND FULTON COUNTIES, QUAD-CITY BUILDERS ASSOCIATION, INC., THE ASSOCIATED CONTRACTORS OF THE QUAD CITIES, THE ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS, CENTRAL ILLINOIS BUILDERS OF A.G.C., McLEAN COUNTY CONTRACTORS GROUP, KANKAKEE AREA CONTRACTORS ASSOCIATION, INC., HEAVY HIGHWAY CONTRACTORS ASSOCIATION, AGC OF IOWA, and all other employer associations with whom the UNION or any of its affiliated locals has a duly negotiated and executed bargaining agreement, and adopts all such agreements together with all amendments thereto.

3.      The EMPLOYER agrees that where work is performed in the jurisdiction of any of the above listed locals, the EMPLOYER will be bound by the terms and conditions of the Collective Bargaining Agreement then in effect within that jurisdictional area. In the event that there is a conflict between this Agreement and the agreement of any local union in which the EMPLOYER may be performing work, the EMPLOYER agrees that the prevailing local agreement shall supersede this Agreement so far as it respects rates of pay, wages, hours of employment and other terms and conditions of employment. Nothing herein shall be construed as limiting the jurisdiction of the UNION and the EMPLOYER specifically agrees that such jurisdiction is continuous with that of the aforementioned locals.

4. The EMPLOYER agrees to pay the amounts which the EMPLOYER is bound to pay under the Collective Bargaining Agreements to the CENTRAL LABORERS' PENSION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, to the ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, to the LABORERS' LOCAL 231 HEALTH AND WELFARE FUND, to the LABORERS' LOCAL 231 PENSION FUND, to the NORTHERN ILLINOIS LABORERS' HEALTH AND WELFARE TRUST, to the CENTRAL LABORERS' ANNUITY, NORTHERN ILLINOIS ANNUITY FUND, to the GREAT PLAINS LABORERS' ANNUITY

**EXHIBIT**

**A**

LABORERS' LOCAL 231 ANNUITY FUND, to the LABORERS' OF ILLINOIS VACATION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST, to the MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, to the MIDWEST REGION ORGANIZING COMMITTEE, to the LABORERS' POLITICAL LEAGUE, and any other BENEFIT FUND which may hereafter be created or established pursuant to any of the forgoing COLLECTIVE BARGAINING AGREEMENTS (FRINGE BENEFIT FUNDS), and to be bound by and be considered a party to the Agreements and Declaration of Trust creating said Trust Funds as if EMPLOYER had signed and received the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the trust instruments.

The EMPLOYER further affirms and reestablishes that all prior contributions paid to the FRINGE BENEFIT FUNDS were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions, the EMPLOYER evidenced the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made and acknowledges the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements as required by Section 302 of the Labor-Management Relations Act. The EMPLOYER further agrees to be bound by all terms and conditions of the Trust Agreements including all requirements of audit, delinquency payments, costs, accountants' fees and attorney's fees where applicable. Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Fringe Benefit Funds by the EMPLOYER and where such audit discloses a willful violation of any of the requirements of the Trust Agreements, the officers and directors of the EMPLOYER, if a corporation, or the owner or partners of the EMPLOYER, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fringe Benefit Fund as a result of such conduct.

5. Nothing in this Agreement shall be construed to change the scope or type of work traditionally performed by laborers. The EMPLOYER agrees not to contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure, or other work, except to a person, firm or corporation party to an appropriate Collective Bargaining Agreement with the appropriate local and with the UNION. If an EMPLOYER, bound by this Agreement, contracts or subcontracts any work covered by this Agreement to be done at the job site of the construction, alteration, or repair of a building, structure or other work to any person or proprietor who is not a signatory to this Agreement, and an appropriate local bargaining agreement, the EMPLOYER shall require such subcontractor to be bound to all the provisions of this agreement and the local bargaining agreement, or such EMPLOYER shall maintain daily records of the subcontractors' employees job site hours and be liable for payment of these employees' wages, travel, health and welfare, pension, annuity, vacation, labor management and training fund contributions in accordance with this Agreement.

6.    In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change, it shall be provided in the instrument effecting the change that a new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

12382

72-0927

7.    The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.    This Agreement shall remain in full force and effect through April 30, 2017, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this __10th__ day of __April__, 20_17_.

ACCEPTED:

LABORERS' LOCAL UNION NO. 727

_____
(Business Manager)

GREAT PLAINS LABORERS'
DISTRICT COUNCIL

_____
(Business Manager)

HEAVY HIGHWAY

Herbig Blacktop Construction LLC
(Contractor Name)

_____
(Signature)

Tom May    Owner
(Name & Title)

900 Depot Ave
(Address)

Dixon, IL   61021
(City, State & Zip Code)

815 - 234 - 8115
(Telephone Number)

815 - 677 - 9080
(Facsimile Number)

_____
(Federal Employer Identification Number)

-3-

12382

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this _____ day of _____ 2015, at Rockford, Illinois.

_____     4/15/15
Glen Turpoff                                                          Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____     4-17-15
Charlie Shempf                                                       Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: _Herbig Blacktop Construction LLC_

Address: _900 Depot Ave_

Address: _Dixon IL 61021_

Signature: _Tom Mergy_

Date: _4-10-17_

–28–

12382

**ADDENDUM I**
Heavy/Highway Construction
Wage and Fringe Benefits
Contributions and Deductions

**EFFECTIVE: May 1, 2016**

| LOCAL UNION NO. | 32 | 727 |
|---|---|---|
| COUNTIES | Winnebago, DeKalb | Carroll, Lee, Jo Daviess, Whiteside, Stephenson, Ogle |
| BASIC LABORER RATE | $34.75 | $37.33 |
| SKILLED | $37.45 | $40.03 |
| PENSION FUND | $12.56 | $11.75 |
| ANNUITY PLAN | $6.50<br>$9.75*<br>$13.00*/ | $4.80<br>$7.20*<br>$9.60*/ |
| NORTH CENTRAL IL WELFARE<br>NORTHERN IL WELFARE | $7.70<br>$0.72 | $7.70<br>$0.72 |
| L.E.C.E.T. | $0.15 | $0.15 |
| MIDWEST FOUNDATION<br>FOR FAIR CONTRACTING | $0.10 | $0.10 |
| TRAINING FUND | $0.80 | $0.80 |
| C.I.A.F. | $0.49 | $0.42 |
| TOTAL PACKAGE | $63.77/$66.47 | $63.77/$66.47 |
| VACATION FUND | $1.75**/ | $3.00**/ |
| DUES CHECK OFF<br>DUES CHECK OFF | 5.00%**<br>$0.05*** | 4.5%**<br>$0.35*** |
| MARKET PROMOTION | $0.09*** | $0.04*** |
| ORGANIZATIONAL<br>FUND | $0.25*** | $0.25*** |

\*  Cents per hour on each overtime hour worked.
\*/  Cents per hour on each overtime hour worked on Sundays or Holidays.
\*\*/  Cents per hour deducted from net wages.
\*\*  Percentage of Gross Pay.
\*\*\*  Cents per hour worked deducted from wages.

CONTRACT INCREASES
May 1, 2015 $2.00 plus .05 to skilled rate
May 1, 2016 $2.05 plus .05 to skilled rate
May 1, 2017 $2.05 plus .05 to skilled rate

The Market Promotion Fund and the Industry Advancement Fund contributions shall be in force at the specified rate for the duration of this Agreement unless mutually agreed by the Union and the Northwestern Illinois Contractors Association.

*Section 1. Fringe Benefits Fund. The Employer agrees to make payments into the above listed fringe benefits fund as directed by the Union. Such increase in payments shall be deducted from the hourly rate listed in Addendums.

*Section 2. Pension Fund. The Employer agrees to make payments to and be bound by the Central Laborers' Pension Fund, including any amendments or changes thereto, and the Employer accepts as Trustees those Trustees selected in the manner provided in said Trust Agreement. The Employer shall pay to the Central Laborers' Pension Fund the amount listed above for each Local Union per hour for each hour or portion thereof, including overtime hours worked by an employee covered by this Agreement.

**Section 3. Welfare Fund. The Employer agrees to make payments to and be bound by the North Central Illinois Laborers' Health & Welfare Fund, including any amendments or changes thereto, and the Employer accepts as Trustees those Trustees selected in the manner provided in said Trust Agreement. The Employer shall pay to the North Central Illinois Laborers' Health & Welfare Fund the amount listed above for each Local Union per hour for each hour or portion thereof, including overtime hours worked by an employee covered by this Agreement.

**Section 3A. Welfare Fund. The Employer agrees to make payments to and be bound by the Northern Illinois Laborers' Health & Welfare Fund, including any amendments or changes thereto, and the Employer accepts as Trustees those Trustees selected in the manner provided in said Trust Agreement. The Employer shall pay to the Northern Illinois Health & Welfare Fund the amount listed above for each Local Union per hour for each hour or portion thereof, including overtime hours worked by an employee covered by this Agreement.

**Section 4. Annuity Plan. The Employer agrees to make payments to and be bound by the Northern Illinois Annuity Plan, including any amendments or changes thereto, and the Employer accepts as Trustees those Trustees selected in the manner provided in said Trust Agreement. The Employer shall pay to the Northern Illinois Annuity Plan, the amount listed above for each Local Union per hour for each hour or portion thereof, including overtime hours worked by an employee covered by this Agreement. Payments for the Northern Illinois Annuity Plan shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

**Section 5. Training Fund. The Employer agrees to make payments to and be bound by the Illinois Laborers' & Contractors Joint Apprenticeship and Training Program, including any amendments or changes thereto, and the Employer accepts as Trustees those Trustees selected in the manner provided in said Trust Agreement. The Employer shall pay to the Illinois Laborers' & Contractors Joint Apprenticeship and Training Program, the amount listed above for each Local Union per hour for each hour or portion thereof, including overtime hours worked by an employee covered by this Agreement. Payments for the Illinois Laborers' & Contractors Joint Apprenticeship and Training Program shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

** Section 6. Construction Industry Advancement Fund. Effective May 1, 2016, the employer shall contribute forty-nine cents (\$.49) per hour for each actual hour worked by each employee within Local 32's jurisdiction covered by this Agreement, and forty-two cents (\$.42) per hour for each actual hour worked by each employee within 727's jurisdiction covered by this Agreement to the Construction Industry Advancement Fund of Rockford, Illinois. The Employers signatory hereto agree to accept the terms of the Trust Agreement establishing the Construction Industry Advancement Fund, its Rules and Regulations and the Trustees now serving. Primary purposes of the Advancement Fund, as set forth in the Trust Agreement, shall include apprenticeship training, advanced craft training and education, safety education, public relationships, and market development, and other educational and informational betterment of such employees and the common good of the Construction Industry. Payments to the Construction Industry Advancement Fund shall be sent to

the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650. If a contractor, pursuant to an international agreement, refuses to pay monies into the Construction Industry Fund, the amount of that contribution will be added to the gross wage of the individual laborer.

**Section 7. Working Dues Check-Off.** Commencing with the effective date of this Agreement, the Employer agrees to make payments to and be bound by the Great Plains Laborers' District Council Working Dues Check-Off. The Employer shall, upon receipt of a proper assignment executed by an employee deduct the authorized membership working dues from the wages of each employee and forward such monies promptly to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

The membership working dues within the jurisdiction of Laborers' Local Union Nos. 32 and 727 are listed above in this Addendum.

**Section 8. Market Promotion Fund.** The Employer agrees to make payments to and be bound by the Market Promotion Fund as listed in this Addendum per hour for each hour or portion thereof worked by an employee. Payments to the Market Promotion Fund shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

**Section 9. Laborers'-Employers' Cooperation & Education Trust (L.E.C.E.T.).** The Employer agrees that by signing this Agreement he becomes bound by and a party to the Agreement and Declaration of Trust creating and establishing the Great Plains District Council Laborers'-Employers' Cooperation & Education Trust (GP-LECET), and all amendments thereto whenever adopted, in the same manner and with the same effect as if the Employer had executed such Agreement and Declaration of Trust. The Employer hereby designates as his representatives such Trustees as may be, from time to time, appointed to serve as Employer Trustees therein.

Effective May 1, 2016, the Employer shall contribute to the Trust the sum of fifteen cents ($.15) per hour for each hour worked by or paid to each employee covered by this Agreement, in such manner as shall from time to time be prescribed by the Trustees consistent with the Agreement and Declaration of Trust.

**Section 10. Midwest Foundation for Fair Contracting, Inc.** The Employer agrees that by signing this Agreement he becomes bound by and a party to the Agreement and Declaration of Trust creating and establishing the Midwest Foundation for Fair Contracting, Inc., and all amendments thereto whenever adopted, in the same manner and with the same effect as if the Employer had executed such Agreement and Declaration of Trust. The Employer hereby designates as his representatives such Trustees as may be, from time to time, appointed to serve as Employer Trustees therein.

Effective May 1, 2016, the Employer shall contribute to the Trust the sum of ten cents ($.10) per hour for each hour worked by or paid to each employee covered by this Agreement, in such manner as shall from time to time be prescribed by the Trustees consistent with the Agreement and Declaration of Trust.

**Section 11. Laborers' of Illinois Vacation Fund.** The Employer agrees that by signing this Agreement he becomes bound by and a party to the Agreement and Declaration of Trust creating and establishing the Laborers' of Illinois Vacation Fund, and all amendments thereto, in the same manner and with the same effect as if the Employer had executed such Agreement and Declaration of Trust. The Employer hereby designates as his representatives such Trustees as may be, from time to time, appointed to serve as Employer Trustees therein.

Effective May 1, 2016, the Employer shall deduct from the wages of his employees covered by this Agreement for Laborers' Local 32, the sum of $1.75 per hour, and for Laborers' Local 727, $3.00 per hour for each hour worked or paid to the employee and remit the same to the Laborers' of Illinois Vacation Fund, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650 in the manner as from time to time prescribed by the Trustees of said Fund.

12382                                                                    72-0727

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2016

**Section 12. Organizational Fund.** The Employer agrees to make payments to and be bound by the Organizational Fund as listed in this Addendum per hour for each hour or portion thereof worked by an employee. Payments to the Organizational Fund shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650. **MAKE ONE CHECK.**

SIGNED this _____15+/_____ day of _____, 2016 at Rockford, Illinois.

FOR THE CONTRACTORS:

Glen L. Turpoff                                                    Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

**FOR THE UNION:**

Charlie Shempf                                                    4-14-16
GREAT PLAINS LABORERS' DISTRICT COUNCIL                        Date

**CONTRACTOR:**

NAME:         _Herby Blacktop Construction LLC_

ADDRESS:      _900 Depot Ave_

ADDRESS:      _Dixon   IL   61021_

SIGNATURE:    _____

DATE:         _4-10-17_

**LOCAL UNION NO. 32**
Fortunato Salamone, Business Manager
7404 Cherryvale North Blvd.
Cherry Valley, Illinois 61016
Phone: (815) 873-8875
Fax: (815) 873-8972
laborers@local32.us

**LOCAL UNION NO. 727**
Ken Diehl, Business Manager
768 Bloody Gulch Road
Dixon, Illinois 61021
Phone: (815) 284-2049
Fax: (815) 284-1318
local-727@comcast.net

–32–

12382

*Pavers Contract*

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this_____ day of_____ 2015, at Rockford, Illinois.

_____     4/2/15
Glen Turpoff                                          Date

NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

**FOR THE UNION:**

_____     4-2-15
GREAT PLAINS LABORERS' DISTRICT COUNCIL     Date

_____     4/2/15
LABORERS' LOCAL 32                               Date

_____     4/2/15
LABORERS' LOCAL 727                            Date

**CONTRACTOR:**

Name: _Herby Blacktop Construction LLC_

Address: _900 Depot Ave_

Address: _Dixon IL 61021_

Signature: _____

Date: _4-16-17_

19

12382

$290

EFFECTIVE DATE: This Agreement shall become effective the 1st day of

January, 2012, except as otherwise provided herein, and remain in full force and

effect until the 31st day of December, 2014 and shall thereafter continue from

year to year, unless at least sixty (60) days prior to the expiration date, or as

thereafter extended, either party hereto shall notify the other in writing of its

intention to terminate. It is contemplated that the parties will, in said sixty (60)

day period meet with each other to negotiate a new agreement.

REPRESENTING THE:
COMPANY

_Herbig Blacktop_
Name

_Bar 934_
Address

_____
Address

_815 234-8115_
Phone

_815-234-7801_
Fax

_____ 6/20/12
Signature          Date

REPRESENTING THE:
L.I.U.N.A. - LOCAL 32,727

_Dominic Castigne_ 3-30-12
Local 32                    Date

_Ken Diehl_          3-30-12
Local 727                  Date

_Chas H Sle._      3-30-12
G.P.L.D.C.                  Date

RECEIVED
MAY - 8 2015

284-1318

-26-

DEC-10-01 09:53 AM        P.02

12382

## ADDENDUM I
### Highway/Heavy Construction
### Wage and Fringe Benefits
### Contributions and Deductions
## HERBIG BLACKTOP CONSTRUCTION
### EFFECTIVE: March 1, 2001

S148

| LOCAL UNION NO. | 32<br>Zone 1 | 32<br>Zone 2 | 727 |
|---|---|---|---|
| COUNTIES | Winnebago | DeKalb, Ogle<br>(City of<br>Rochelle Only) | Carroll, Lee, JoDavies,<br>Whiteside, Stephenson,<br>Ogle, (except City of Rochelle) |
| BASIC LABOR RATE<br>SEMI-SKILLED | $19.41 | $20.41 | $19.63 |
| SKILLED | $20.51 | $21.51 | $20.73 |
| PENSION FUND | $ 4.00 | $ 3.00 | $ 4.00 |
| ANNUITY PLAN | $ 3.50<br>$ 5.25*<br>$ 7.00*/ | $ 3.50<br>$ 5.25*<br>$ 7.00*/ | $ 3.30<br>$ 4.95*<br>$ 6.60*/ |
| L.E.C.E.T. | $ .10 | $ .10 | $ .10 |
| MIDWEST FOUNDATION<br>FOR FAIR CONTRACTING | $ .05 | $ .05 | $ .07*// |
| TRAINING FUND | $ .30 | $ .30 | $ .30 |
| C.I.A.F. | $ .28 | $ .28 | $ .24 |
| TOTAL PACKAGE | $30.44/31.54 | $30.44/31.54 | $30.44/31.54 |
| VACATION FUND | $ 1.05**/ | $ 1.05**/ | $ 1.12**/ |
| DUES CHECK-OFF<br>DUES CHECK-OFF | 3%** | 3%** | 3%**<br>.25*** |
| MARKET PROMOTION | $ .03*** | $ .03*** | $ .03*** |
| ORGANIZATIONAL<br>FUND | $ .03*** | $ .03*** | $ .03*** |

*     Cents per hour on each overtime hour worked.
*/    Cents per hour on each overtime hour worked on Sundays or Holidays.
**/   Cents per hour deducted from net wages.
**    Percentage of Gross Pay.
***   Cents per hour worked deducted from wages.
*//    Cents per hour worked to be sent to the North Central Illinois Laborers' District Council Clearing Account for distribution to:
      a)     Midwest Region Foundation for Fair Contracting - $.05 per hour
      b)     Laborers' Local 727 - $.02 per hour

**Effective March 1, 2002 the Employer will contribute to the Central Laborers' Welfare Fund as defined in Section 3 below.**

DEC-10-01 09:53 AM                                                    P.03

10/03/01  08:53  ☎                         +++ LOCAL 727          ☒002/002

### SIDE LETTER to the
### SMALL PAVING AGREEMENT
### between
### LABORERS' LOCALS 52 & 727
### and
### HERBIG BLACKTOP CONSTRUCTION, INC.

The Union and the Employer mutually agree that the Welfare contribution will be waived effective October 1, 2001 through December 31, 2001. The Employer agrees that effective January 1, 2002, payments will be made to the Central Laborers' Welfare Fund in accordance with the Agreement.

REPRESENTING THE:                          REPRESENTING THE:
COMPANY *Herbig Blacktop*                  UNION

_____  10/15/01                  _____
Signature          Date                    North Central Illinois Laborers' District Council

                                           _____  10-15-01
                                           Local 52                Date

                                           _____  10-15-01
                                           Local 727  Field Rep    Date

12382

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this _29th_ day of August_ 19_2001

ACCEPTED:

LABORERS' LOCAL UNION NO. _727_

BY: _James Town k_
(Business Manager)


NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
(Business Manager)


_Herbig Blacktop_
(Contractor Name)

BY: _Dennis Herbig Pres_
(Name & Title)

_Box 934_
(Address)

_Byron Ill 61010_
(City, State & Zip Code)

_815-234-8115_
(Telephone Number)

_815-234-7801_
(Facsimile Number)

_____
(Federal Employer Identification Number)



-3-

12382                                                                                                          02-0727

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees.** The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status.** It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's.** The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date.** Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, *in toto*, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority.** The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

|  EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| *Herby Blacktop Construction LLC* | *[signature]* |
| Name of Business | Authorized Signature |
| *900 Depot Ave* | Executive Director |
| Address | Title |
| *Dixon IL 61021* | LOCAL UNION |
| City/State/Zip Code | Territory in which Agreement signed: Local *727* |
| *815-234-8115* | |
| Telephone | *[signature]* |
| *[signature]* | Authorized Signature |
| Authorized Signature | *Business Manager* |
| *Owner* | Title |
| Title | *4-10-17* |
| *4-10-17* | Date |
| Date | |

**EXHIBIT B**

12382

the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorney's fees and such other reasonable costs and charges as may be assessed by the Funds pursuant to the Trust Agreements and the applicable policies adopted by the Funds, including the cost of any and all payroll examinations. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions and other payments are due are subject to assessment of liquidated damages in the amount of 10% of the contributions and other payments or $25.00 minimum per remittance, to defray the increased administrative costs resulting from late payments.

10. **Designated Trustees**. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the governing bodies of the Funds pursuant to the Trust Agreements as heretofore and/or hereafter amended.

11. **Tax Status**. It is agreed that the Funds which accept contributions that are a deduction for income tax purposes shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

12. **Copies of CBA's**. The Employer and/or Local Union/District Council agrees that it shall, upon request of the Funds, provide a signed copy of all CBA's to the Funds to which the Employer is a signatory.

13. **Effective Date**. Unless otherwise specifically agreed to by the Employer and Funds, this Agreement shall remain in effect until terminated. This Agreement shall be terminated in the same manner and subject to the same requirements as each CBA incorporated herein; however, in order for termination of this Agreement to coincide with termination of any CBA incorporated herein, the Employer must timely provide a separate written notice of termination to the Funds that satisfies the requirements of the applicable CBA. This Agreement will be deemed terminated, in toto, when a timely required notice has been provided by the Employer with respect to each CBA incorporated herein and the term of each CBA incorporated herein has expired without the CBA being renewed or otherwise extended.

14. **Necessary Authority**. The Employer and the Employer's agent signing on behalf of the Employer represent and warrant that: (a) the Employer's agent identified below has full power and authority to execute and deliver this Agreement; (b) this Agreement has been duly authorized, executed and delivered on behalf of the Employer; and (c) this Agreement constitutes a legal, valid and binding obligation of the parties hereto which is enforceable against the parties in accordance with its terms.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND. TO THE EXTENT THERE EXISTS ANY CONFLICT BETWEEN PROVISIONS OF THIS PARTICIPATION AGREEMENT AND ANY PROVISIONS OF THE COLLECTIVE BARGAINING AGREEMENT, THE PARTICIPATION AGREEMENT SHALL CONTROL.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| *Herbig Blacktop Construction LLC* | *Dan J Whyll* |
| Name of Business | Authorized Signature |
| *400 Depot Ave* | Executive Director |
| Address | Title |
| *Dixon IL 61021* | LOCAL UNION |
| City/State/Zip Code | |
| *815-234-8115* | Territory in which Agreement signed: Local ___727___ |
| Telephone | *Ken Suhl* |
| *Tom My* | Authorized Signature |
| Authorized Signature | *Business Manager* |
| *Owner* | Title |
| Title | *4-10-17* |
| *4-10-17* | Date |
| Date | |



Small Paving Agreement

Rockford IT&L-Class I
Im IT&L-Class II
Paving 146

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _Herbig BlackTop_ _____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | |
|---|---|
| _2.60/ 1.10_ per hour to Central Laborers' Pension Fund | _____ per hour to Industry Advancement Fund |
| _2.80_ per hour to Central Laborers' Welfare Fund | _2%_ Working Dues (% or cents per hour) |
| _____ per hour to Central Laborers' Annuity Fund | _____ LECT |
| _.10_ per hour to Illinois Laborers' and Contractors' Training Trust Fund | _____ Other _____ |
| _____ MRFFC | _____ Other _____ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| _Herbig BlackTop_ | |
| Name of Business | Authorized Signature |
| _Box 934_ | Executive Administrator |
| Address | Title |
| _Byron Ill 61010_ | UNION |
| City/State/Zip Code | |
| _815-234-8115_ | Territory in which Agreement signed: Local _32_ |
| Telephone | Authorized Signature |
| Authorized Signature _Pres_ | Title _Field Rep_ |
| Title _10/15/01_ | Date _10-15-01_ |
| Date | |

RECEIVED OCT 2001

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer

12382

S

Rockford Jm. $135 - Class I
Jm. $136 - Class II

Small Paving Agreement Paving

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _Herbig Blacktop_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

$135    $136

| | |
|---|---|
| 2.60/ 1.10 per hour to Central Laborers' Pension Fund | _____ per hour to Industry Advancement Fund |
| 2.80 per hour to Central Laborers' Welfare Fund | 2% Working Dues (% or cents per hour) |
| _____ per hour to Central Laborers' Annuity Fund | _____ LECT |
| .10 per hour to Illinois Laborers' and Contractors' Training Trust Fund | _____ Other _____ |
| _____ MRFFC | _____ Other _____ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| _Herbig Blacktop_ | |
| Name of Business | Authorized Signature |
| _Box 934_ | Executive Administrator |
| Address | Title |
| _Byron Ill 61010_ | UNION |
| City/State/Zip Code | |
| _815-234-8115_ | Territory in which Agreement signed: Local |
| Telephone | |
| _____ | _____ |
| Authorized Signature  Pres | Authorized Signature |
| Title | Field Rep |
| _10/15/01_ | Title |
| Date | _10-15-01_ |
| | Date |

RECEIVED OCT 2001

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 11/98) 2M



N#38

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between *Herbig Blacktop* (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 4.00 | per hour to Central Laborers' Pension Fund | .28 | per hour to Industry Advancement Fund |
| 2.80 | per hour to Central Laborers' Welfare Fund | 3% | Working Dues (% OF GROSS WAGES |
| 3.50 | per hour to Central Laborers' Annuity Fund | .10 P/HR. LECT | |
| .30 | per hour to Illinois Laborers' and Contractors' Training Trust Fund | .03 P/HR. Other ORGANIZATIONAL FUND | |
| .05 P/HR. MRFFC | | .03 P/HR. Other MARKET PROMOTION | |
| | | 1.05 P/HR. TO VACATION FUND | |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| *Herbig Blacktop Herbig* | |
| Name of Business | Authorized Signature |
| *Box 934* | Executive Administrator |
| Address | Title |
| *Byron Ill 61010* | UNION |
| City/State/Zip Code | |
| *815-234-8115* | Territory in which Agreement signed: Local 32 (ZONE 1) |
| Telephone | |
| | Authorized Signature |
| Authorized Signature | Field Rep |
| Title | Title |
| *10/15/01* | *10-15-01* |
| Date | Date |

OCT 2001 RECEIVED

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 11/98) 2M

12382   S132   *Small Paving*   # 127

## PARTICIPATION AGREEMENT

*Hersly Blacktop* _____ (Employer)

1. This Participation Agreement is entered into between _____ and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | |
|---|---|
| 1.40 per hour to Central Laborers' Pension Fund | _____ per hour to Industry Advancement Fund |
| 2.80 per hour to Central Laborers' Welfare Fund | _____ Working Dues (% or cents per hour) |
| _____ per hour to Central Laborers' Annuity Fund | _____ LECT |
| .10¢ per hour to Illinois Laborers' and Contractors' Training Trust Fund | 2% Other ~~gross work~~ dues |
| _____ MRFFC | _____ Other _____ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| *Hersly Blacktop* | |
| Name of Business | Authorized Signature |
| Box 934. | Executive Administrator |
| Address | Title |
| Byron Ill 61010 | |
| City/State/Zip Code | Territory in which Agreement signed: Local 727 |
| 815-234-8115 | |
| Telephone | |
| Authorized Signature | Authorized Signature |
| Title | Business Title |
| 10/15/01 | 8-20-01 |
| Date | Date |

UNION 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 29 30 31 - 1 2 3 4 5 6 7 8 9 10 11 12

OCT 2001 RECEIVED

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer

(Rev. 11/98) 2M

Small Paving

PARTICIPATION AGREEMENT

Herbiy Blacktop

1. This Participation Agreement is entered into between _Herbiy Blacktop_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

_1.40_ per hour to Central Laborers' Pension Fund

_2.80_ per hour to Central Laborers' Welfare Fund

_____ per hour to Central Laborers' Annuity Fund

_.10¢_ per hour to Illinois Laborers' and Contractors' Training Trust Fund

_____ MRFFC

_____ per hour to Industry Advancement Fund

_____ Working Dues (% or cents per hour)

_____ LECT

_2%_ Other _gross in..._

_____ Other _____

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| _Herbiy Blacktop_ | |
| Name of Business | Authorized Signature |
| _Box 934._ | Executive Administrator |
| Address | Title |
| _Byron Ill 61010_ | UNION |
| City/State/Zip Code | |
| _815 - 234 - 8115_ | Territory in which Agreement signed: Local _727_ |
| Telephone | |
| Authorized Signature | Authorized Signature |
| Title | Title _Business Manager_ |
| Date _10/5/01_ | Date _8-20-01_ |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer

(Rev 11/98) 2N

*13382*

¢ #36 CLAF

# HEAVY/HIGHWAY
## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _Hershey Blacktop_ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | |
|---|---|
| 4.00 per hour to Central Laborers' Pension Fund | .24¢ per hour to Industry Advancement Fund |
| 2.80 per hour to Central Laborers' Welfare Fund | 3%+.25¢ Working Dues (% or cents per hour) per hour |
| 3.30 per hour to Central Laborers' Annuity Plan | .10¢ Other ~~ELECT~~ |
| .30¢ per hour to Illinois Laborers' and Contractors' Training Trust Fund | 1.12 Other ~~vacation fund (deduct)~~ |
| .07¢ MRFFC | .03¢ Other ~~Bldg. Trades (deduct)~~ |
| | .03¢ Organizing (deduct) |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| _Hershey Blacktop_ | |
| Name of Business | Authorized Signature |
| _Box 934_ | Executive Administrator |
| Address | Title |
| _Byron, Il 61010_ | |
| City/State/Zip Code | UNION |
| _815-234-8115_ | |
| Telephone | Territory in which Agreement signed: Local 727 |
| _Dennis Hale_ | |
| Authorized Signature | Authorized Signature |
| _Pres_ | Business Manager |
| Title | Title |
| _10/15/01_ | AUgust 24, 2001 |
| Date | Date |



RECEIVED OCT 2001

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 11/98) 2M